1  Daniel T. Hayward (NV Bar No. 5986)
2  DOTSON, HAYWARD & VANCE, PC
   5355 Reno Corporate Drive, Suite 100
3  Reno, Nevada 89511
   Telephone: (775) 501-9400
4  Facsimile: (775) 245-9021
   Email: dhayward@dhvnv.com
5  *Attorneys for Defendant*
   *Kromer Investments, Inc*
6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF NEVADA

| | |
|---|---|
| 9   STUART C. IRBY COMPANY, LLC, | Case No.: 2:24-cv-01889-RFB-BNW |
| 10              Plaintiff, | |
| 11              v. | STIPULATION TO EXTEND PRE-TRIAL DUE DATES |
| 12  COMMNV, LLC; ARIC HORNING; UPRISE FIBER, LLC; UPRISE, LLC; STEPHEN A. KROMER; KROMER INVESTMENTS, INC.; and GREAT MIDWEST INSURANCE COMPANY, | AND [PROPOSED] ORDER EXTENDING REMAINING PRE-TRIAL DUE DATES |
| 15              Defendants. | (FIRST REQUEST) |

17      Plaintiff Stuart C. Irby Company, LLC ("Plaintiff"), by and through its attorneys Daniel

18  M. Hansen and Madison G. Wedderspoon of Gibbs, Giden, Locher, Turner, Senet & Wittbrodt

19  LLP, and Brian C. Kimball and Haley F. Gregory of Butler Snow LLP; Defendants Uprise

20  Fiber LLC ("Uprise Fiber") and Uprise, LLC ("Uprise"), by and through their attorney Michael

21  Hall of Hall Jaffe, LLP; Defendant CommNV, LLC ("CommNV") and Aric Horning, by and

22  through their counsel Mark G. Simons of Simons Hall Johnston PC; Defendant Great Midwest

23  Insurance Company ("GMIC"), by and through their counsel David R. Johnson of Lanak &

24  Hanna, P.C.; and Kromer Investments, Inc., by and through their counsel Daniel T. Hayward of

25  Dotson, Hayward & Vance, PC; hereby submit this *Stipulation to Extend Remaining Pre-Trial*

26  *Due Dates and [Proposed] Order Extending Pre-Trial Due Dates* pursuant to Fed. R. Civ. P.

27  16(b)(4), LR 26-3, and LR IA 6-1|(a).

28

                                         1

This is the first request for an order extending the pre-trial due dates, and this request is made in good faith and not for purposes of undue delay.

### A.     Applicable Standard

Local Rule 26-3 states as follows:

> **LR 26-3. EXTENSION OF SCHEDULED DEADLINES** A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. ***A request made within 21 days of the subject deadline must be supported by a showing of good cause.*** A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
>
> (d) A proposed schedule for completing all remaining discovery.

(Emphasis supplied.)

### B.     Discovery Completed and Procedural History

Plaintiff filed this case on October 9, 2024. ECF 1. Uprise filed its *Answer to Complaint* on January 6, 2025. ECF 10.

Plaintiff filed an *Amended Complaint* on January 24, 2025. ECF 24. CommNV and Aric Horning filed their *Answer to Complaint and Cross-Claim* on January 30, 2025. ECF 28. GMIC filed its *Answer to Amended Complaint* on February 25, 2025. ECF 39. Uprise Fiber, LLC filed its *Answer* on March 17, 2025. ECF 45. Uprise, LLC filed its *Answer to CommNV's Crossclaim* on March 20, 2025. ECF 48.

Plaintiff filed its *Amended Complaint* on July 9, 2025. ECF 56. GMIC filed its *Answer to Amended Complaint* on July 23, 2025. ECF 60. Kromer Investments, Inc. filed its *Answer and*

*Affirmative Defenses of Kromer Investments, Inc. to Amended Complaint* on August 4, 2025 [ECF 63], and

The following discovery has been completed:

Plaintiff served its initial Rule 26 disclosures on April 15, 2025. CommNV and Aric Horning served their initial Rule 26 disclosures on August 1, 2025. Uprise, LLC and Uprise Fiber, LLC have not yet served their initial disclosures. GMIC served its initial Rule 26 disclosures on April 9, 2025, and served its first supplemental Rule 26 disclosures on August 13, 2025. Kromer Investments served a *Demand for Prior Discovery* on August 4, 2025, and served its initial Rule 26 disclosures on August 14, 2025. CommNV and Aric Horning responded to Kromer Investments' *Demand for Prior Discovery* on August 21, 2025.

Plaintiff served Request for Admissions, Interrogatories, and Requests for Production on GMIC to which GMIC responded on August 13, 2025. Plaintiff served Requests for Admissions, Interrogatories, and Requests for Production on CommNV on July 3, 2025, to which CommNV responded on August 1, 2025. CommNV has also engaged in written discovery.

C.     **Discovery Remaining**

Kromer Investments wishes to engage in written discovery directed at Plaintiff and CommNV. Kromer Investments also wishes to conduct the deposition of the Rule 30(b)(6) designee of Plaintiff regarding issues germane to its alter ego theory against Kromer Investments. The other parties reserve the right to engage in written discovery, and conduct depositions, regarding all issues.

D.     **Good Cause Supports the Extension.**

As stated above, LR 26-3 requires a showing of "good cause" for the requested extension of the discovery cut-off, because the request has been presented within 21 days of the existing due date. *See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

3

The current discovery cut-off date is September 3, 2025. *See* ECF 49, *Scheduling Order*. Any additional dispositive motions are due to be filed no later than October 3, 2025. *Id.* The proposed joint pretrial order is due to be submitted on November 2, 2025. *Id.* Good cause exists to extend these dates because newly-added Defendant Kromer Investments recently appeared in this action on August 4, 2025 [ECF 63] – thirty days before the existing discovery cut-off -- and served a *Demand for Prior Discovery* on that same date. Newly-added Defendant Stephen A. Kromer has not yet appeared.

With regard to the previously-expired expert disclosure deadline and rebuttal expert disclosure deadline, a showing of "excusable neglect" is required because the request has been presented after the expiration of the existing due dates. LR 26-3. Defendant Kromer Investments appeared in this action on August 4, 2025 [ECF 63], *after* the initial and rebuttal expert disclosure dates had already expired. Defendant Stephen A. Kromer has not yet appeared.

### E. Proposed Schedule

The parties respectfully request that the Court extend the existing pre-trial deadlines, set forth below, by approximately 120 days, as follows:

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Amending Pleadings and Adding Parties | June 5, 2025 | October 3, 2025 |
| Expert Disclosures – Initial | June 5, 2025 | October 3, 2025 |
| Expert Disclosures - Rebuttal | August 4, 2025 | December 2, 2025 |
| Discovery cut-off date | September 3, 2025 | January 2, 2026 |
| Dispositive motion filing date | October 3, 2025 | February 2, 2026 |
| Pretrial order filing date | November 2, 2025 | March 2, 2026[1] |

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

---

[1] Consistent with the Court's original *Scheduling Order* [ECF 49], the parties propose that the deadline for filing the proposed joint pretrial order will be suspended until 30 days after decision on the dispositive motions, or further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

Dated: August 29, 2025

/s/ MARK G. SIMONS
Mark G. Simons (NV Bar No. 5132)
Simons Hall Johnston PC
690 Sierra Rose Dr
Reno, NV 89511
msimons@shjnevada.com
jalhasan@shjnevada.com
*Attorneys for CommNV, LLC and Aric Horning*

Dated: August 29, 2025

/s/ MICHAEL R. HALL
Michael R. Hall (NV Bar No. 5978)
Hall Jaffe, LLP
7425 Peak Dr
Las Vegas, NV 89128
mhall@halljaffe.com
*Attorney for Uprise Fiber, LLC and Uprise, LLC*

Dated: August 29, 2025

/s/ DAVID R. JOHNSON
David R. Johnson (NV Bar No. 6696)
Lanak & Hanna, P.C.
8375 W. Flamingo Rd., Ste. 102
Las Vegas, NV 89147
drjohnson@lanak_hanna.com
*Attorney for Great Midwest Insurance Company*

Dated: August 29, 2025

/s/ DANIEL T. HAYWARD
Daniel T. Hayward (NV Bar No. 5986)
Dotson, Hayward & Vance, PC
5355 Reno Corporate Drive, Suite 100
Reno, Nevada 89511
dhayward@dhvnv.com
*Attorneys for Kromer Investments, Inc.*

Dated: August 29, 2025

/s/ HALEY F. GREGORY
Brian C. Kimball (*pro hac vice*)
Haley F. Gregory (*pro hac vice*)
Butler Snow LLP
1020 Highland Colony Pkwy Ste 1400
Ridgeland, MS 39157
brian.kimball@butlersnow.com
haley.gregory@butlersnow.com

Daniel M. Hansen (NV Bar No. 13886)
Madison G. Wedderspoon (NV Bar No. 16648)
Gibbs, Giden, Locher, Turner,
Senet & Wittbrodt LLP
7251 W. Lake Mead Blvd Ste 450
Las Vegas, NV 89128
dhansen@gibbsgiden.com
mwedderspoon@gibbsgiden.com
*Attorneys for Stuart C. Irby Company, LLC*

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**

5