**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

STUART C. IRBY CO., LLC,

Plaintiff,

v.

COMMNV, LLC, *et al.*,

Defendants.

Case No. 3:25-CV-00533-RFB-CLB

**ORDER DENYING PLAINTIFFS MOTION TO SEVER**

[ECF No. 101]

This case concerns a dispute over a contract for construction materials brought by Plaintiff Stuart C. Irby Co., LLC's ("Irby") against Defendants CommNV, LLC ("CommNV"); Aric Horning ("Horning"), Uprise Fiber, LLC ("Uprise Fiber"), Uprise, LLC ("Uprise"), Stephen A. Kromer ("Kromer"), Kromer Investments, Inc. ("Kromer Investments"), and Great Midwest Insurance Company ("Great Midwest"). (ECF No. 56.) This order concerns Irby's motion to sever all claims asserted against Kromer, Kromer Investments, Uprise Fiber, and Uprise (collectively referred to as "Kromer Defendants"). (ECF No. 101.) CommNV and Horning filed an opposition, (ECF Nos. 102, 108[1]), and Irby replied. (ECF No. 106.) Kromer Investments also filed an opposition. (ECF No. 107.) For the reasons stated below, Irby's motion to sever, (ECF No. 101), is denied.

I.    **BACKGROUND**

Irby initiated this case on October 9, 2024. (ECF No. 1 (sealed).) The case concerns a construction project near Lovelock, Nevada ("Lovelock Project") and the alleged failure to pay Irby for construction materials it produced pursuant to a contract. The operative complaint in this case asserts the following claims:

(1)    Breach of Contract against CommNV;

(2)    Claim for Payment under the Bond and NRS § 339.015 against Great Midwest, Uprise Fiber, Uprise, Kromer, and Kromer Investments;

---

[1]    ECF No. 108 is an errata to ECF No. 102.

(3)    Enforcement of Rights under the Guaranty against Horning;

(4)    Unjust Enrichment against all Defendants;

(5)    Quantum Meruit against Uprise Fiber, Uprise, Kromer, and Kromer Investments;

(6)    Breach of Contract against Uprise, Kromer, and Kromer Investments; and

(7)    Claim for Payment under the Bond and NRS § 339.015 against Uprise Fiber and Uprise.

(ECF No. 56 at 7-11.) CommNV has also asserted the following crossclaims against Uprise: (1) Breach of Contract; (2) Fraudulent Representation; (3) Promissory Estoppel; (4) Unjust Enrichment. (ECF No. 28 at 9-11.)

On September 9, 2025, Uprise filed a motion to stay the case pending the resolution of a parallel criminal action currently being prosecuted by the Nevada Attorney General. (ECF No. 70.) Uprise explains that in May of 2025, Kromer was charged with felony theft in connection with the Lovelock Project. (*Id.* at 2.) Uprise seeks a stay of this case because Kromer, as an individual defendant and manager of Uprise, "will be forced to choose between an active defense in this case, and a waiver of its Fifth Amendment privilege against self-incrimination." (*Id.* at 1.)

There are also two motions for summary judgment currently pending in this case.[2] The first was filed by Kromer Investments, (ECF No. 89), to which Kromer, Uprise Fiber, and Uprise joined. (ECF No. 91.) Irby then filed a motion for summary judgment against CommNV, Horning, and Great Midwest Insurance Co. (ECF No. 90.) Irby's motion for summary judgment is not yet fully briefed. (*See* ECF No. 105 (extending deadline to file a reply).)

///

///

---

[2]    The Court notes that the motion to stay, (ECF No. 70), the motions for summary judgment, (ECF Nos. 89, 90), and Kromer Investments and Great Midwest's joint request for a case management conference, (ECF No. 88), are not currently pending before the undersigned magistrate judge.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 21 authorizes courts to sever claims in the interest of justice to further the prompt and efficient disposition of litigation. Fed. R. Civ. P. 21; *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1215 (9th Cir. 2018). Courts in this district have considered the following factors when deciding whether to sever a claim under Rule 21: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *MMSP, LLC v. Stovall*, No. 2:22-CV-01218-GMN-BNW, 2025 WL 474181, at *2 (D. Nev. Feb. 11, 2025) (quoting *Anticancer, Inc. v. Pfizer Inc.*, No. 11CV107 JLS RBB, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012)) (quotations omitted). District courts have broad discretion to order severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000), cert. denied, 533 U.S. 950 (stating the court has broad discretion to order a severance); *see Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) (reviewing the district court's decision to sever under Rule 21 for abuse of discretion).

## III.    DISCUSSION

Irby seeks to sever its claims against the Kromer Defendants due to the "parallel, ongoing criminal proceedings" against Kromer. (ECF No. 101.) Irby argues the liability of the remaining defendants is not affected by Kromer's Fifth Amendment protections and therefore severing the Kromer Defendants would allow the case to proceed against the remaining defendants. (*Id.* at 2-5.) Irby also argues that "development of evidence against the Kromer Defendants necessarily requires the participation of [] Kromer." (*Id.* at 4.) Irby argues that failing to sever the Kromer Defendants "risks inefficiency, delay, and procedural distortion." (*Id.* at 5.)

CommNV and Horning opposed, arguing that Irby's motion to sever is "a procedurally and substantively baseless litigation tactic." (ECF No. 102 at 2; ECF No.

108.) CommNV and Horning argue that severing the Kromer Defendants would impair CommNV's crossclaims against Uprise. (ECF No. 102 at 3.) The opposition also points out that the discovery deadline has passed, meaning Irby's arguments relating to the development of evidence against the Kromer Defendants is unfounded. (*Id.*; ECF No. 108.) Kromer Investments also opposed, similarly arguing that because discovery is currently closed, Irby cannot rely on the need to protect Kromer's Fifth Amendment protections during discovery. (ECF No. 107.)

Irby replied, first arguing that the oppositions' arguments relating to discovery are themselves unfounded. (ECF No. 106 at 2-4.) Irby then argues that Kromer Defendants' motion for summary judgment, (ECF No. 89), should be denied. (*Id.* at 4-5.) Irby finally argues that the remaining defendants will not be prejudiced if the motion to sever the Kromer Defendants is granted. (*Id.* at 6-8.)

The Court will first evaluate whether the claims against the Kromer Defendants arise out of the same transaction or occurrence and present common questions of law or fact. *MMSP, LLC*, 2025 WL 474181 at *2. Here, the claims against all defendants arise out of the same transaction or occurrence, the Lovelock Project. There are also common questions of law and fact, such as whether the contract for construction materials was breached. The Court further notes that neither the motion itself nor the response or reply briefs argue against these findings. (See ECF Nos. 101, 102, 106, 107, 108.) Thus, the first two factors weigh against severance.

Given this overlap, the Court also finds that judicial economy and efficiency support keeping all claims together in one lawsuit instead of having two separate suits with all the attendant resources that such would require, including the possibility of multiple trials involving the same evidence and witnesses. *See Schreckengost v. Nevada ex rel. Nevada Dep't of Corr.*, No. 3:19-CV-00659-MMD-CLB, 2020 WL 3050708, at *4 (D. Nev. June 8, 2020) (denying motion to sever on similar grounds). Consequently, the third and fifth factors also weigh against severing the claims against the Kromer Defendants.

4

The Court will now turn to whether joinder would result in prejudice to either side. *MMSP, LLC*, 2025 WL 474181 at \*2. Here, the Court finds that severing the Kromer Defendants at this point would result in prejudice. First, severing the Kromer Defendants would be harmful to those defendants specifically because they have a motion for summary judgment currently pending in this case. Severing the Kromer Defendants would also be harmful to CommNV because they have asserted crossclaims against Uprise, which would not be able to proceed in this lawsuit if the Kromer Defendants, including Uprise, are severed. Consequently, the Court finds that all five factors weigh against severance and declines to exercise its discretion to sever the Kromer Defendants from this case. *Rush*, 779 F.3d at 974; *Coleman*, 232 F.3d at 1297. Therefore, Irby's motion to sever, (ECF No. 101), is denied.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Irby's motion to sever, (ECF No. 101), is **DENIED**.

**DATED**: March 18, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**